**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **ENTRY SYSTEMS, LLC,**<br>**Plaintiff,**<br>**v.**<br>**BRIVO INC.,**<br>**Defendant.** | **CIVIL ACTION NO. 2:16-cv-88**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Entry Systems, LLC ("Plaintiff" or "Entry"), by and through its undersigned counsel, files this Original Complaint against Defendant Brivo Inc. ("Brivo") as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop Defendant's infringement of United States Patent No. 6,161,005 ("the '005 patent") entitled "Door Locking/Unlocking System Utilizing Direct and Network Communications". A true and correct copy of the '005 patent is attached hereto as Exhibit A. Plaintiff is the owner by assignment of the '005 patent. Plaintiff seeks monetary damages and injunctive relief.

**PARTIES**

1. Plaintiff is a limited liability company having a principal place of business of 8745 Gary Burns Drive, Suite 160-202, Frisco, Texas 75034-2540.

2. Upon information and belief, Brivo is a corporation organized and existing under the laws of the State of Nevada with its principal place of business at 7700 Old Georgetown Road, Suite 300, Bethesda, Maryland 20814. Defendant can be served with process at 7700 Old Georgetown Road, Suite 300, Bethesda, Maryland 20814.

**JURISDICTION AND VENUE**

3. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

4. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant because: Defendant is present within or has minimum contacts within the State of Texas and the Eastern District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

6. More specifically, Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Eastern District of Texas including but not limited to the Accused Instrumentalities as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas. Defendant solicits and has solicited customers in the State of Texas and in the Eastern District of Texas. Defendant has paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use and have used the Defendants' products and services in the State of Texas and in the Eastern District of Texas.

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Defendant has transacted business in this district, and has directly committed acts of patent infringement in this district.

**COUNT I – PATENT INFRINGEMENT**

8. Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-8 above.

9. The '005 patent was duly and legally issued by the United States Patent and Trademark Office on December 12, 2000 after full and fair examination. Plaintiff is the owner by assignment of the '005 patent and possesses all rights of recovery under the '005 patent, including the exclusive right to sue for infringement and recover past damages and obtain injunctive relief.

10. Defendant owns, uses, operates, advertises, controls, sells, and otherwise provides apparatuses and/or systems that infringe the '005 patent. The '005 patent provides, among other things, "A locking/unlocking arrangement for a door, comprising: (1) a controller; (2) an electrically actuated mechanism for locking or unlocking a door in response to an electrical signal from the controller; (3) telephone signal receiving circuitry connected to the controller and arranged to receive and decode telephone signals that have been transmitted over a telephone network; (4) a sensor arranged to receive wireless signals directly from a portable transmitter; (5) non-telephone wireless signal receiving circuitry connected between the sensor and the controller and arranged to transmit said wireless signals to the controller; (6) wherein said controller is arranged to receive said decoded telephone signals from said telephone signal receiving and decoding circuit and said wireless signals from said non-telephone wireless signal receiving circuitry and, depending on whether the controller has received said decoded telephone signals or said wireless signals, compare either the decoded telephone signals or wireless signals with

codes stored in a memory, and actuate the locking/unlocking mechanism in response to said comparison; (7) wherein said controller is situated in a removable door panel arranged to be mounted in the door whose locking mechanism is to be remotely controlled, and (8) whereby inclusion of a sensor and non-telephone wireless signal receiving circuitry in addition to said telephone signal receiving and decoding circuitry permits the locking/unlocking mechanism to be actuated by signals transmitted directly from said portable transmitter to said controller, and also by telephone signals sent over said telephone network."

11. Defendant has been and is now infringing the '005 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, providing, supplying, distributing, selling, and/or offering for sale apparatuses and systems (including, without limitation, the Brivo security products and solutions and Brivo OnAir Mobile App, Smart Door Lock, Controller, Server, and Proximity Sensors/Cards/Fobs identified herein as the "Accused Instrumentality) that provide a locking and unlocking arrangement for a door, including a controller, an electronically actuated mechanism for locking and unlocking the door, a telephone signal receiving circuitry, a sensor to receive wireless signals, non-telephone wireless signal receiving circuity, covered by one or more claims of the '005 Patent to the injury of Entry. Defendant is directly infringing, literally infringing, and/or infringing the '005 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '005 Patent pursuant to 35 U.S.C. § 271.


www.brivo.com/wp-content/uploads/2014/08/1389738110_brivo_onair-s
Search
Page: 1 of 1
110%
Brivo OnAirSM
Any combination of up to 30 card readers and SALTO locks per panel
LAN
AEN (Ethernet)
ACS 5000-E
Card Reader
Web Browser
7 total nodes per system (up to 6 extra nodes per router)
1 router per ACS 5000-E panel Max of 30 locks per router
SALTO Router & Node Combo
RS485 (CAT5e)
SALTO Node
Up to 16 locks per node Distance from node to lock is 30 feet
SALTO Lock
HID Prox 125KHz readers currently available*
Rev.02



www.brivo.com/wp-content/uploads/2015/05/BrivoOnAirDatasheet7.15.pdf

Page 2 of 2 Automatic Zoom

**Supported Readers**
Visit brivo.com/readers for more information

**Supported Control Panels**
ACS5000-E Series
IPDC-E
Cellular Network Router

**Browser Requirements**
Latest versions typically supported. For the most current information, visit: brivo.com/supportedbrowsers

**Communication Security**
Authentication and Encryption: X.509 Certificates Communication: 128-bit SSL

**Network Requirements**
TCP/IP protocols: HTTPS (port 443)

Contact your Authorized Brivo Dealer for more information, or Brivo Sales Services for a demo:
888.692.7486 or sales@brivo.com

**CAPACITIES**

| | |
|---|---|
| Active card holders | Unlimited |
| Max # of system-wide readers/accounts/workstations | Unlimited |
| Max # of custom fields | 60 |
| Firmware upgrades | Automated |
| Text message and email notifications | Configurable by site |
| Stored access events | Unlimited |
| Elevator control | Unlimited |
| Lockdown | By doors or user groups |
| Badge design and printing | Included |
| Anti-passback | Yes, several configuration options |
| Online video recorder (OVR) | Up to 1 year, unlimited cameras |
| DVR / NVR integration | Yes |

**GO MOBILE WITH BRIVO ONAIR**

Manage building security on-the-go. Brivo OnAir for iOS and Android seamlessly extends our access control and video surveillance platform to a smartphone, integrating door control, credential management and live video on an intuitive and easy to use application.

**Use Brivo OnAir to:**
- View live video
- Review events with recorded video
- Monitor activity logs of multiple sites
- Unlock doors remotely
- Suspend or reinstate user credentials

Brivo OnAir for iOS and Android is available now on the App store and Google play.



## Go Mobile with Brivo OnAir

Manage building security on-the-go. Brivo OnAir for iOS and Android seamlessly extends our access control and video surveillance platform to a smartphone, integrating door control, credential management and live and recorded video to an intuitive and easy to use application. Learn more.




**Use Brivo OnAir to:**

- View live video
- Review events with recorded video
- Monitor activity logs of multiple sites
- Unlock doors remotely
- Suspend or reinstate user credentials

**Requirements:**

*Brivo OnAir for iOS and Android requires a subscription to Brivo's cloud-based Brivo OnAir access control and video solution.*

## Capacities

| | |
|---|---|
| Active card holders | Unlimited |
| Max # of system-wide readers/accounts /workstations | Unlimited |

http://www.brivo.com/products/brivo-onair/




Source: http://www.brivo.com/products/ipdc/




Source: http://www.brivo.com/products-solutions/integrations/




12. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

13. To the extent any marking was required by 35 U.S.C. § 287, Plaintiff and all predecessors in interest to the '005 patent complied with all marking requirements under 35 U.S.C. § 287.

14. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court find in its favor and against the Defendant, and that the Court grant Plaintiff the following relief:

A. A judgment in favor of Plaintiff that Defendant has infringed one or more of the claims, directly, and/or jointly, of the '005 patent;

B. A permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant and their officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '005 patent, or such other equitable relief the Court determines is warranted;

C. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

D. That, should Defendant's acts of infringement be found to be willful from the time that Defendant became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

F. Any further relief that this Court deems just and proper.

Dated: January 27, 2016

Respectfully submitted,

By: */s/ Austin Hansley*
**AUSTIN HANSLEY P.L.L.C.**

Austin Hansley
Texas Bar No.: 24073081
5050 Quorum Dr. Suite 700
Dallas, Texas 75254
Telephone: (469) 587-9776
Facsimile: (855) 347-6329
Email: Austin@TheTexasLawOffice.com
www.TheTexasLawOffice.com
**ATTORNEYS FOR PLAINTIFF**
**ENTRY SYSTEMS LLC**